UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALON DELMAR TURNER,

                        Petitioner,                    Case No. 1:15-cv-319

v.                                         Honorable Janet T. Neff

CARMEN PALMER,

                        Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

      I.       Factual allegations

Petitioner Alon Delmar Turner presently is incarcerated at the Michigan Reformatory. Petitioner pleaded guilty in the Wayne County Circuit Court to second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 227b.  On August 15, 2012, Petitioner was sentenced to respective prison terms of 22½ to 60 years and 2 years.

Petitioner filed a delayed application for leave to appeal his conviction to the Michigan Court of Appeals.  In the brief filed by counsel, Petitioner raised one ground:

> I.      WAS [PETITIONER] DENIED HIS FIFTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS OF DUE PROCESS WHEN THE TRIAL COURT DENIED HIS MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE THE PLEA WAS NOT VOLUNTARILY, KNOWINGLY AND INTELLIGENTLY MADE?

(Def.-Appellant's Br. on Appeal, docket #1-1, Page ID#22.)  Petitioner drafted a supplemental brief on appeal, raising two issues:

> I.      [PETITIONER] DID NOT VOLUNTARILY AND KNOWINGLY PLEAD GUILTY, IN VIOLATION OF THE STATE AND FEDERAL DUE PROCESS CLAUSES, WHERE HE WAS MISADVISED BY HIS ATTORNEY THAT A WITNESS WAS NOT GOING TO TESTIFY ON HIS BEHALF.
>
> II.     [PETITIONER] WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO PROPERLY INFORM HIM THAT A WITNESS WAS GOING TO TESTIFY ON HIS BEHALF.

(Def.-Appellant's Pro Per Br. on Appeal, docket #1-2, Page ID#38.)  Petitioner dated his supplemental brief on July 18, 2013 and mailed it to his attorney.  (*Id.* at 50.)  However, Petitioner's appellate attorney did not mail it to the court of appeals until July 30, 2013, and it was received by

the court on August 1, 2013.  (Mot. to File Supp. Br., docket #1-2, Page ID#35.)  The court of

appeals returned the supplemental brief to the attorney on August 5, 2013, because it was untimely.

(*See* 8/5/13 Letter from Mich. Ct. App. (MCOA), docket #1-2, Page ID#33.)  On August 5, 2013,

the court of appeals denied leave to appeal for lack of merit in the grounds presented.  (8/5/13

MCOA Ord., docket #1-3, Page ID#57.)

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the ground

presented by counsel in the Michigan Court of Appeals, together with the following ground:

> I.  [PETITIONER WAS] DENIED HIS CONSTITUTIONAL RIGHT TO THE ASSISTANCE OF COUNSEL WHEN APPELLATE COUNSEL FAILED TO FILE DEFENDANT'S STANDARD-4 BRIEF IN A TIMELY MANNER AND THE COURT OF APPEALS DID NOT CONSIDER [PETITIONER]'S STANDARD-4 BRIEF IN THEIR DECISION TO DENY [PETITIONER]'S DELAYED APPLICATION FOR LEAVE TO APPEAL.

(Def.-Appellant's Application to Mich. Sup. Ct., docket #1-4, Page ID#63.)  The supreme court

denied leave to appeal on December 23, 2013.  (12/23/13 Mich. Sup. Ct. (MSC) Ord., docket #1-5,

Page ID#76.)  Petitioner did not petition for writ of certiorari in the United States Supreme Court.

On or about March 19, 2013,[1] Petitioner filed his habeas application in this Court.

Petitioner raises the ground presented by counsel on direct appeal and the new ground presented to

the Michigan Supreme Court.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on March 19, 2015, and it was received by the Court on March 23, 2015.  Thus, it must have been handed to prison officials for mailing at some time between March 19 and 23, 2015.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II.   Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner's allegations demonstrate that he has exhausted his first habeas ground, as he presented it at all levels of the Michigan courts.  However, Petitioner's second ground for habeas review was raised for the first time in his application for leave to appeal to the Michigan Supreme Court.  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas

-4-

petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed for convictions after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Wayne County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often

-5-

effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on December 23, 2013.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, March 24, 2014.  Accordingly, Petitioner had one year, until March 24, 2015, in which to file his habeas petition.  Petitioner filed the instant petition on March 19, 2015, five days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a

-6-

reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2]  In the instant case, Petitioner's statute of limitations has now expired.  Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations.  As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state

_____

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated:   April 6, 2015                       /s/ Janet T. Neff
                                             Janet T. Neff
                                             United States District Judge