UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALON DEMAR TURNER,

        Petitioner,                              Case No. 1:15-cv-319

v.                                                     Honorable Janet T. Neff

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a prison term of 22½ to 60 years, along with an additional consecutive term of 2 years, imposed by the Wayne County Circuit Court on August 15, 2012, after Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b. In his *pro se* petition, Petitioner raises two grounds for relief, as follows:

    I.    [Petitioner] was denied his fifth and fourteenth amendment constitutional rights of Due Process when the trial court denied his motion to withdraw his guilty plea because the plea was not voluntar[il]y, knowingly and intelligently made.

    II.    Petitioner . . . was denied his constitutional right to the assistance of counsel when appellate counsel failed to file defendant[']s standard 4 Brief in a timely manner and the court of appeals did not consider defendant[']s standard 4 Brief in their decision to deny defendant[']s delayed application for leave to Appeal.

(Pet., 4-10, ECF No. 1, PageID.4–10.) This Court has previously determined that Petitioner failed to exhaust his second ground for relief. (ECF No. 6, PageID.111–112.) By order dated April 6,

2015, Petitioner was directed to show cause within 28 days why he was entitled to a stay in the proceedings to further pursue his unexhausted claim. Petitioner was explicitly notified that if he failed to comply with the Court's order, the Court would review only his exhausted claim. (ECF No. 7, PageID.116.) Petitioner failed to respond to the Court's order. Accordingly, the Court dismissed Petitioner's second ground for habeas relief and directed Respondent to file an answer only to the first ground raised in the petition. (ECF No. 8, PageID.117). Respondent has filed an answer (ECF No. 10) stating that the remaining ground for habeas relief should be denied because it is without merit. Upon review and applying the AEDPA standards, I find that Petitioner's ground for relief is without merit. Accordingly, I recommend that the petition be denied.

## Procedural History

### A.     Trial Court Proceedings

Petitioner was charged with one count of first-degree murder and one count of felony firearm for the January 3, 2012, murder of Mr. Alante Barnett. Following a preliminary examination hearing, Petitioner was bound over for trial on the charges. On July 25, 2012, Petitioner agreed to plead guilty to one count of second-degree murder, MICH. COMP. LAWS § 750.317, and one count of felony firearm, MICH. COMP. LAWS 750.227b. (Plea Tr., 5. ECF No. 11-4, PageID.278.) In exchange for the plea, the parties agreed to a consecutive sentence of 22 ½ years to 60 years in prison on the first count, and a 2 year term for the second. (Plea Tr. 6, PageID.279.) As a factual basis for his plea, Petitioner admitted that he intended to kill, and in fact did kill, Mr. Alante Barnett while using a firearm. (Plea Tr. 10-11, PageID.283–284.)

At the sentencing hearing, held on August 15, 2012, Petitioner moved to withdraw his plea. As relayed by his counsel, Petitioner claimed that he only pleaded guilty because he was

told to do so by counsel and that pleading was his only option. He further stated he now had an alibi witness and another witness who wished to testify. (Sentencing Tr. 3-4, ECF No. 11-5, PageID.289–290.) The trial court subsequently denied the motion and sentenced Petitioner to a term reflecting the parties' sentencing agreement. (Sentencing Tr. 7-8, PageID.293–294.)

Thereafter Petitioner filed a motion to withdraw his guilty plea under MICH. CT. R. 6.310(C). Petitioner claimed that the trial court erred by failing to inquire at the plea hearing whether anyone had made a promise to him outside the terms of the agreement as required by MICH. CT. R. 6.302(C)(4)(a). (ECF No.11-8, PageID.324.) A hearing was held on the matter on April 10, 2013, after which time the trial court denied Petitioner's motion. (*See* 4/10/13 Hr'g. Tr. 6-8, ECF No. 11-7, PageID.314–318, 4/10/13 Order Den. Mot. to Withdraw Guilty Plea, ECF No. 11-8, PageID.324–325.)

### B. Direct Appeal

After the August 15, 2012, sentencing hearing Petitioner, through counsel, filed a delayed application for leave to appeal in the Michigan Court of Appeals, asserting the following claim:

  I.    [PETITIONER] WAS DENIED HIS FIFTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS OF DUE PROCESS WHEN THE TRIAL COURT DENIED HIS MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE THE PLEA WAS NOT VOLUNTARILY, KNOWINGLY AND INTELLIGENTLY MADE.

(Def.-Appellant's Br. On Appeal, I, ECF No.11-8, PageID.335). Petitioner also drafted a supplemental brief, raising two additional issues:

  I.    [PETITIONER] DID NOT VOLUNTARILY AND KNOWINGLY PLEAD GUILTY, IN VIOLATION OF THE STATE AND FEDERAL DUE PROCESS CLAUSES, WHERE HE WAS MISADVISED BY HIS

>   ATTORNEY THAT A WITNESS WAS NOT GOING TO TESTIFY ON HIS BEHALF.
>
>   II. [PETITIONER] WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO PROPERLY INFORM HIM THAT A WITNESS WAS GOING TO TESTIFY ON HIS BEHALF.

(Def.-Appellant's Pro Per Br. On Appeal, ECF No. 1-2, PageID.38.) As this Court previously noted, Petitioner's supplemental brief was dated July 18, 2013, and was mailed to his appellate counsel. Counsel then sent Petitioner's brief to the Michigan Court of Appeals on July 30, 2013, and it was received on August 1, 2013. On August 5, 2013, the same day the Court of Appeals issued their opinion in this matter, the brief was returned as untimely. In their decision, the Court of Appeals denied Petitioner's application for lack of merit in the grounds presented. (ECF No. 6, PageID.109–110, *see* 8/5/13 Mich. Ct. App. Order, ECF No. 11-8, PageID.320.)

Petitioner subsequently sought leave to appeal to the Michigan Supreme Court. In his *pro se* brief, Petitioner raised the argument presented by counsel in the Michigan Court of Appeals along with the following additional ground:

>   I. [PETITIONER WAS] DENIED HIS CONSTITUTIONAL RIGHT TO THE ASSISTANCE OF COUNSEL WHEN APPELLATE COUNSEL FAILED TO FILE DEFENDANT'S STANDARD-4 BRIEF IN A TIMELY MANNER AND THE COURT OF APPEALS DID NOT CONSIDER DEFENDANT'S STANDARD-4 BRIEF IN THEIR DECISION TO DENY DEFENDANT'S DELAYED APPLICATION FOR LEAVE TO APPEAL.

(Def.-Appellant's Application to Mich. Sup. Ct., ECF No.1-4, PageID.63.) The Michigan Supreme Court denied Petitioner's application for leave to appeal this determination, stating that "we are not persuaded that the question presented should be reviewed by this Court." (*See* 12/23/13 Mich. Order, ECF No. 11-9, PageID.375.)

On March 19, 2013, Petitioner filed the habeas application in this Court, raising both the ground presented on direct appeal and the ground presented to the Michigan Supreme Court. As noted above, only Petitioner's first ground for relief will be considered.

### **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655.

Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan

appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

**Discussion**

In his lone exhausted claim, Petitioner asserts that his guilty plea was not voluntarily made because the trial court did not inquire into whether anyone had made any promises beyond those contained in the plea agreement. The Court is not persuaded.

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Petitioner's claim does not challenge the power of the state to bring him into court. Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

In order to find a constitutionally valid guilty plea, several requirements must be met. The defendant pleading guilty must be competent, *see Brady v. United States*, 397 U.S. 742, 756 (1970), and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental

coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Determining whether a guilty plea is constitutionally valid is determined by the totality of the circumstances. *Brady*, 397 U.S. at 749; *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Voluntariness depends upon a full understanding of the direct consequences of the guilty plea. *Brady*, 397 U.S. at 755; *King v. Dutton*, 17 F.3d 151, 153 (6th Cir.1994).

When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *see also McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Garcia*, 991 F.3d at 326). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see also Parke v. Raley*, 506 U.S. 20, 29 (1992) (holding that the factual findings of voluntariness made by the state court are entitled to a presumption of correctness); *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (a solemn plea of guilty presents a "formidable barrier" to a subsequent claim to the contrary).

The terms of the plea bargain were described on the record. (Plea Tr. 6-7, PageID.279–280.) Petitioner was informed that he was agreeing to plead guilty to second-degree murder and felony firearm and that the maximum penalty was life in prison. (Plea Tr. 5, PageID.278.) Petitioner stated that he understood that he was agreeing to the imposition of a sentence of 22 ½ to 60 years plus 2 years. (Plea Tr. 6, PageID.279.) Petitioner also acknowledged reviewing a "Pretrial Settlement Offer Form" with his counsel, that he understood it, and that it was his signature on it. (PageID.278–279.) Furthermore, Petitioner stated he understood that he was agreeing to waive several rights, including the right to a jury trial, to be presumed innocent unless proven guilty, and the right to question witnesses. (Plea Tr. 8, PageID.281.) Petitioner further stated that it was his decision to plea guilty and that he had not been threatened or coerced into pleading

guilty or to waiving his rights. (Plea Tr. 9, PageID.282.) Nevertheless, Petitioner asserts his plea suffers from two fatal shortcomings. As discussed below, neither merits relief.

### A.     Michigan Court Rule 6.302(C)(4)(a).

Petitioner asserts that his guilty plea was not voluntary because the trial court judge violated MICH. CT. R. 6.302(C)(4)(a) which requires that in order for a plea to be voluntary, the court must ask the defendant "whether anyone has promised anything beyond what is in the plea agreement." *Id.* Petitioner's claim that the trial court judge failed to comply with provisions of MICH. CT. R. 6.302 is non-cognizable on federal habeas review. *See, e.g.*, *Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013); *Plumaj v. Booker*, 33 F. Supp. 3d 897, 913 (E.D. Mich. 2014). The extraordinary remedy of habeas corpus lies only for a violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, to the extent Petitioner argues he should be allowed to withdraw his plea because of this alleged error, he cannot succeed. A state defendant has no constitutionally guaranteed right to withdraw a guilty plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). The only constitutional challenge that a habeas court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). A habeas court is restricted to these federal principles, and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991). Consequently, the question whether petitioner should have been allowed in the court's discretion to withdraw his guilty plea under state-court rules is not reviewable in habeas corpus. Accordingly, the sole issue before this Court is whether Petitioner's guilty plea complied with the federal constitution's due process guarantee.

Consideration of the totality of the circumstances reveals that Petitioner's plea was entered into voluntarily. Petitioner cites to no authority establishing that the advice under MICH. CT. R. 6.302(C) is required by the federal constitution. Judge Allen had the opportunity to hear Petitioner's testimony and view Petitioner's demeanor throughout the plea hearing. He found that Petitioner's guilty plea was knowing and voluntary. Furthermore, in denying Petitioner's motion to withdraw his plea, the trial court noted that Petitioner did not allege that there had been an undisclosed promise that induced him to plead guilty. (4/10/13 Order Den. Mot. to Withdraw Guilty Plea, ECF No. 11-8, PageID.325.) The trial court also to noted that Petitioner had signed the notice of acceptance, which stated, in part, "If the plea is accepted, the defendant will be giving up any claim that the plea was the result of promises or threats that were not disclosed to the court at the plea proceeding, or that it was not the defendant's own choice to enter the plea." (*Id.*) These findings are entitled to deference under AEDPA. 28 U.S.C. § 2254(d). The state court findings that Petitioner's guilty plea was knowing and voluntary easily pass muster under deferential AEDPA standards. 28 U.S.C. § 2254(d).

      B.     *Supplemental Brief Matters*

The thrust of Petitioner's discussion in the first ground of his petition, however, is that his plea was not voluntarily entered for reasons contained in his supplemental brief – namely because his trial counsel erroneously informed him that his girlfriend was not willing to testify on his behalf. (Pet. Br., 3-5, ECF No. 4, PageID.102–104.) These arguments are merely a rehash of the unexhausted claims raised in his second ground for relief which the Court has previously dismissed. These arguments must be pursued in the state courts.

   C.  Conclusion.

Accordingly, the Court concludes that the denial Petitioner's first ground for relief was neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, the court's decision was not based on an unreasonable determination of the facts in light of the evidence presented.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.  I further recommend that a certificate of appealability be denied.  See *Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  February 28, 2017              /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).